# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Respondent,<br><br>     v.<br><br>VINCENT DELEON,<br><br>                     Petitioner. | CASE NO. 1:13-CR-00421-LJO-SKO-1<br><br>MEMORANDUM ORDER GRANTING THE GOVERNMENT'S MOTION TO STAY<br><br><br>(ECF NO. 40) |

Defendant Vincent Deleon, through counsel, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ----, 135 S. Ct. 2551 (2015). *See* ECF No. 37.

Before the Court is the government's motion to stay proceedings pending resolution by the Supreme Court of the applicability of *Johnson* to the residual clause of Section 4B1.2 of the United States Sentencing Guidelines. *See* ECF No. 40. Defendant filed an opposition to the stay on July 19, 2016 (ECF No. 41). The government filed its reply on July 21, 2016 (ECF No. 42). The Court deems the matter appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, the Court will grant the government's motion.

## I. BACKGROUND

On December 15, 2014, Defendant Vincent Deleon pled guilty to Count 1 of the indictment, a violation of 18 U.S.C. Section 922(g)(1), Felon in Possession of a Firearm. *See* ECF Nos. 1, 24. The presentence report calculated a guidelines range of 92-115 months after applying an

enhancement under Sections 2K2.1(a)(1)-(4) and 4B1.2 of the United States Sentencing Guidelines ("the Sentencing Guidelines"). *See* ECF No. 30, PSR ¶¶ 10, 11. On March 9, 2015, this Court sentenced Defendant to 69 months imprisonment. *See* ECF No. 35, 36.

On June 21, 2016, Defendant moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 37). On July 14, 2016, the government moved to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, S. Ct. Case No. 15-8544. *See* ECF No. 40.

## II.  LEGAL STANDARDS

### A.  28 U.S.C. § 2255

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack … .

28 U.S.C. § 2255(a). Generally, it is only a narrow range of claims that fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

### B.  The Armed Career Criminal Act

A defendant is subject to the Armed Career Criminal Act ("ACCA" or "the Act") and must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. §§ 924(e)(1). Under the ACCA, a violent felony includes any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson*, 135 S. Ct. at 2556-57, 2563; *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

### C.  *Johnson* and *Welch*

In *Johnson*, decided June 26, 2015, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague, and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court more recently held that its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *See Welch v. United States*, ––– U.S. –––, 136 S.Ct. 1257, 1268 (2016). Neither *Johnson* nor *Welch* specifically contemplate the Sentencing Guidelines' "residual clause," Section 4B1.2(a).

### D.  United States Sentencing Guidelines

The Sentencing Guidelines Section 2K2.1 allows an enhanced base offense level for defendants with a prior conviction for a "crime of violence." *See* USSG §§ 2K2.1(a)(1)-(4). Section 2K2.1 incorporates the definition of crime of violence from the Career Offender guideline under U.S.S.G. § 4B1.2. *See* U.S.S.G. § 2K2.1, comment, (n.1). The final clause of Section 4B1.2(a) uses the same language as § 924(e)(2)(B), and is also commonly referred to as the "residual clause." *See, e.g.*, *United States v. Crews,* 621 F.3d 849, 852 (9th Cir. 2010).

On June 27, 2016, the Supreme Court granted certiorari, *see Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), to determine: (1) "[w]hether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)?"; (2) "[w]hether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?"; and (3) "[w]hether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after *Johnson*?" *Beckles v. United States of America*, 2016 WL 3476563 (U.S.); *see United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) (noting that it is an "open question" whether the residual clause of U.S.S.G 4B1.2(a) remains valid in light of *Johnson*); *see also United*

3

*States v. White*, CR 11-0366 (N.D. Cal. July 8, 2016); *United States v. Trujillo*, No. CR 10-00605 WHA, 2016 WL 3844325, at *1–2 (N.D. Cal. July 15, 2016).

## IV. DISCUSSION

Defendant Deleon challenges as unconstitutional the "residual clause" of the Sentencing Guidelines Section 4B1.2(a).[1] Defendant posits that, in light of the Supreme Court's holding in *Johnson* finding that the ACCA's residual clause is unconstitutionally vague, the "residual clause" of the Sentencing Guidelines is also unconstitutional. Because his 69-month sentence was imposed under the residual clause of U.S.S.G Section 4B1.2(a), Defendant therefore asserts that his sentence "violates due process of law." ECF No. 37, at 9:22.

The government moves to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles* regarding the application of *Johnson* to the residual clause in § 4B1.2(a)(2). The government argues that "Defendant has filed an untimely § 2255 petition (filed more than one year after his sentence became final), seeking relief based upon a claim that his sentence was unconstitutional in light of the Supreme Court's decision in *Johnson* … ." ECF No. 40 at 1:20-22. The government notes that based on the certiorari grant in *Beckles*, the Ninth Circuit has stayed two cases in which it had before it the retroactivity of *Johnson*, citing *Gardner v. United States*, No. 15-72559, and *Jacob v. United States*, 15- 73302.[2]

Citing *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), Defendant argues that "a lengthy stay to await direction from an appellate court [is] improper," and "judicial efficiency alone is not a valid basis to justify a lengthy stay in a habeas case." ECF No. 41 at 2:8-9, 5:16-18. Further, he asserts that issuing a stay would "pose potentially grave constitutional concerns, implicating the Suspension Clause." ECF No. 41 at 5:4-5 (citing U.S. Const. art. I, § 9, cl. 2).

---

[1] In language identical to the residual clause in the ACCA, 18 U.S.C. § 924(e)(2)(B), the Sentencing Guidelines' residual clause (below in italics), provides:
(a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

[2] The government's reliance on a June 7, 2016 Order in *Burton v. United States*, No. 1:02-CR-5187-AWI, is misplaced. In that Section 924(c) case, the court evaluated on different grounds whether a stay in proceedings was appropriate and its determination was in relation to a different pending case, *United States v. Begay,* No. 15-10080, and not *Beckles*.

4

The Court does not believe the concerns implicated in *Yong* are present here. In *Yong*, the district court abused its discretion by staying a habeas corpus petition "pending resolution of the appeal" of a separate case, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), pending before the Ninth Circuit "because the issues raised in Yong's petition were to be considered in [*Ma*]." 208 F.3d at 1117. The Ninth Circuit found this to be an abuse of discretion, finding that concerns of judicial efficiency alone were insufficient to justify an "indefinite, and potentially lengthy delay" because, in the event that the Supreme Court granted certiorari to review the Ninth Circuit's decision in Ma, "the stay could remain in effect for a lengthy period of time, perhaps ... years ." *Id*. at 1119-21. Here, the situation isdistinguishable. The Supreme Court has already granted certiorari in *Beckles*, meaning that a ruling will issue before the end of the up-coming term. Therefore, this is not a lengthy or indefinite delay. The Court finds *Yong* inapposite and will GRANT the government's request to impose this definitive and not overly lengthy stay in order to allow the Supreme Court to resolve an issue that indisputably has potential dispositive impact on this matter.[3]

**V.    CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the government's motion to stay (ECF No. 40) is **GRANTED** and proceedings in the instant case are **STAYED** pending a decision in *Beckles*. From date of the Supreme Court's decision in *Beckles*, the government shall have **60 days** to file its opposition or other response to Defendant's Section 2255 motion. From the date of the government's filing, the FDO shall have **60 days** to file its reply.

IT IS SO ORDERED.

Dated:   **July 29, 2016**            /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE

---

[3] The Court has reviewed the record and believes this stay will not prejudice Defendant, but notes that this ruling is without prejudice to a motion to lift the stay based upon specific circumstances.